AUGUST v. GAMER CO. (No. 1327.)

(Court of Civil Appeals of Texas. Texarkana. May 7, 1914.)

1. MECHANICS' LIENS (§ 291*)—FORECLOSURE —OWNERSHIP OF LAND—PLEADING.

Where, in a suit to foreclose a mechanic's lien, it was averred that the land was owned by "A. & L. August, by said A. August and by said L. August," a judgment foreclosing the lien on the land of "A. August" was proper.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 599–605, 607, 610; Dec. Dig. § 291.*]

2. APPEAL AND ERROR (§ 544*)—VARIANCE— RECORD—REVIEW.

An alleged fatal variance cannot be reviewed on appeal in the absence of the statement of facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2412–2415, 2417–2420, 2422–2426, 2428, 2478, 2479; Dec. Dig. § 544.*]

3. TRIAL (§ 390*)—CONCLUSIONS OF FACT AND LAW—FILING AFTER THE TERM.

Where the judge filed his conclusions of fact and law within ten days after the adjournment of the term as permitted by Vernon's Sayles' Ann. Civ. St. 1914, art. 2075, it was not material that they were not reduced to writing and filed during the term.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 913; Dec. Dig. § 390.*]

4. APPEAL AND ERROR (§ 907*)—OBJECTIONS— JUDGMENT—VERDICT—FINDINGS.

Where a judgment appealed from is supported by the findings of the court and jury, it will be assumed on appeal in the absence of the statement of facts that the findings are supported by evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2899, 2911–2915, 2916, 3673, 3674, 3676, 3678; Dec. Dig. § 907.*]

Appeal from District Court, Tarrant County; Jas. W. Swayne, Judge.

Action by the Gamer Company against Burke & Reilly and A. & L. August. From a judgment for plaintiff foreclosing a materialman's lien on the land of A. August, he appeals. Affirmed.

Wray & Mayer, of Ft. Worth, for appellant. F. H. Haddix, of Ft. Worth, for appellee.

WILLSON, C. J. Charles Gamer, doing business as the "Gamer Company," sued Burke & Reilly, and A. & L. August, alleged to be a firm composed of L. August and appellant A. August. As against Burke & Reilly, appellee sought to recover $1,949.86, which he alleged they owed to him for material he had furnished to them to enable them as subcontractors to comply with their contract to furnish the material therefor and install a heating plant and certain plumbing in a building then being constructed by contractors H. L. Stevens & Co. for "A. & L. August and A. August and L. August" on a lot in Ft. Worth owned by "A. & L. August and said A. August and L. August." As against A. & L. August and A. August and L. August, appellee sought to establish and foreclose a materialman's lien he claimed against the building and lot owned by them to secure the payment of the sum due to him from Burke & Reilly. Other persons than those named above were parties to the suit, but as their rights are not involved in the appeal, which is prosecuted by appellant alone against appellee alone, it is not necessary to further refer to them. In the absence of a statement of facts, we assume that the findings in the record were supported by evidence. Those findings authorized the judgment rendered in appellee's favor against Burke & Reilly for $2,115.61, and in his favor against appellant, establishing and foreclosing the lien asserted by appellee against the lot and improvements thereon owned by appellant, to satisfy $2,061.36 of the sum found in appellee's favor against Burke & Reilly.

[1-4] The contentions made here are: (1) That "the court erred in rendering a judgment foreclosing a lien on the land of A. August, because the averment is that the land was owned by A. & L. August, by said A. August and by said L. August:" Plainly, we think, this contention is without merit. (2) That there was a fatal variance between certain allegations in the petition and the proof made. As noted above, there is no statement of facts with the record sent to this court. Without such a statement, we of course cannot determine whether there was a variance between the allegations and the proof or not. (3) That the court failed during the term at which the cause was tried to reduce to writing and file his conclusions of fact and law with reference to certain issues submitted to him by agreement of the parties. But the court did file his conclusions within 10 days after the adjournment of the term. This was a compliance with the requirement of the law. Vernon's Stat. art. 2075. (4) That the judgment is "unsupported by the verdict of the jury, evidence, or findings." It is supported by the findings made by the court and jury, and, as stated above, we must assume in the absence of a statement of facts that those findings were supported by evidence.

The judgment is affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes